```
CLERK'S OFFICE U.S. DIST. COURT
    AT ROANOKE, VA
         FILED
     JUN 1 5 2006
  JOHN F. CORCORAN, CLERK
BY:
       DEPUTY CLERK
```

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| GREGORY A. RICHARDSON, )<br>     Plaintiff,                           )<br>                                             )<br>v.                                          )<br>                                             )<br>UNKNOWN APPROPRIATE PARTIES, )<br>     Defendants.                       ) | Civil Action No. 7:06-cv-00356<br><br>**MEMORANDUM OPINION**<br><br>By: James C. Turk<br>Senior United States District Judge |

Gregory A. Richardson, a Virginia prisoner proceeding pro se, submitted a pleading styled as a motion to reopen judgment, declaration judgment and injunctive relief. Because he does not cite the case number of any case that he seeks to reopen and because he raises independent allegations, the court construed and filed his pleading as a civil rights complaint under 42 U.S.C. §1983, with jurisdiction vested pursuant to 28 U.S.C. § 1343. Richardson, who is incarcerated at Augusta Correctional Center (ACC), alleges that defendant prison officials are violating his constitutional rights because the living conditions in segregated confinement are harsh and restrictive. Richardson also alleges that officials are imposing such conditions on him in retaliation for the grievances and civil actions Richardson has filed. He seeks injunctive and declaratory relief related to the living conditions in segregated confinement. As plaintiff has not prepaid the $350.00 filing fee for this civil action, the court construes his pleading as requesting that he be allowed to proceed in forma pauperis, pursuant to 28 U.S.C. §1915(a). For reasons stated below, the court denies Richardson's motion to proceed in forma pauperis and dismisses this action without prejudice.

Enacted as part of the Prison Litigation Reform Act of 1996, 18 U.S.C. §1915(g) provides that a prisoner may not bring a civil action without prepayment of the filing fee

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the

grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

After review of court records, the court finds that the following civil actions or appeals filed by Richardson have been dismissed for the failure to state a claim upon which relief may be granted: Richardson v. Lee, Civil Action No. 7:99-cv-00505 (W.D. Va. Aug. 6, 1999); Richardson v. Lee, No. 99-7107, CA-99-505 (4th Cir. Oct. 27, 1999); and Richardson v. Lee, et al., 7:99-cv-00675 (W.D.Va. Sept. 24, 1999). The court finds that Richardson has accumulated three strikes. Therefore, this action may not proceed without prepayment of the $350.00 filing fee, unless Richardson demonstrates that he is "imminent danger of serious physical harm." § 1915(g).

Richardson does not allege facts indicating that he is in any danger of serious physical harm as a result of any of the challenged living conditions at ACC. Specifically, he complains that officials have violated his rights by (1) placing him in segregation without due process and holding him in segregated confinement for years; (2) denying him adequate access to writing materials and hygiene items; (3) serving only two meals on weekends and holidays; (4) charging him with false disciplinary charges and causing him to spend over 100 days in punitive isolation; (5) conducting arbitrary cell searches that disrupt his litigation materials; (6) inhibiting his ability to practice his religious beliefs; (7) denying him rehabilitative programs because he is in segregation; and (8) miscalculating his good time and his release date. He states that lengthy confinement under the conditions of the segregation unit has caused him to become short winded and indolent, to lose weight and feel stiff, to require pain relievers and muscle relaxants for back and neck pain, and to suffer stress and mental anguish. Such past events, inconveniences, and minor discomforts are insufficient to satisfy the showing of "imminent danger of serious physical harm" required under § 1915(g). Accordingly, the court finds that Richardson does not qualify to proceed without

2

prepayment of the filing fee as to any of his claims and will not grant him in forma pauperis status. As plaintiff has failed to pay the $350.00 filing fee, this action will be filed and dismissed, pursuant to § 1915(g).

An order in accordance with this Memorandum Opinion will be entered this day.

ENTER: This 15th day of June, 2006.

James C. Turk
Senior United States District Judge